# United States Court of Federal Claims

No. 18-630 C
Filed: October 5, 2018

---

**WAYNE HALL,**

    *Pro Se Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

    *Defendant.*

---

*Wayne Hall*, pro se plaintiff.

*Sosun Bae, Esquire*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

## ORDER AND OPINION

Plaintiff Wayne Hall filed a Complaint in May 2018 alleging a violation of his Fourth Amendment rights during an altercation with a "public servant." The United States timely filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Mr. Hall's claim is described, in his words, as follows:

> They failed to protect my constitutional rights by conspiring to violate my right to life, liberty, and the pursuit of happiness. 4th bill of right search and seizure was violated . . . I was involved in an incident in which a public servant, Christopher Saldivia asked for my identification information. Upon receiving some, he began to assume, presume who I am. Chris Saldivia, along with Frank Laboy and Brendan Stapleton, began to assault and kidnap me. I was pepper sprayed, choked, and placed under false arrest for not providing my information, thus violating my constitutional rights. In my duress, I contacted a friend to the scene in order to document the occurrence. She was also kidnapped.

We accept as true all well-pleaded allegations of fact when considering a motion to dismiss, and view the facts in a light most favorable to the plaintiff. *United States v. Ford Motor Co.*, 497 F.3d 1331, 1336 (Fed. Cir. 2007). The Supreme Court has ruled that

7017 2620 0000 7637 4440

pleadings filed by plaintiffs who proceed pro se are held to less rigid standards than those of parties represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Pro se plaintiffs nevertheless bear the burden of establishing by a preponderance of the evidence that all jurisdictional requirements are satisfied. *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004); *Reynolds v. Army & Air Force Exch. Serv.*, 846 Fed. 2d 746, 748 (Fed. Cir. 1988). The court must dismiss an action if we determine "at any time that [we] lack subject matter jurisdiction." RCFC 12(h)(3).

The United States Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) ("Tucker Act"). The Tucker Act provides the waiver of sovereign immunity that allows an action for money damages to be brought against the United States, but plaintiffs must establish a separate source within a contract, regulation, statute, or constitutional provision that reasonably authorizes payment of money to a plaintiff for violation of the contract, statute, or other provision. *United States v. Testan*, 424 U.S. 392, 398 (1976).

Mr. Hall's complaint contains a variety of allegations against the United States, including "conspiracy against rights, deprivation of rights under color of law, violation of constitutional rights . . . , government seals wrongfully used and instruments wrongfully sealed, extortion by officers or employees of the United States . . . mailing threatening communications from a foreign country, threats and extortion against foreign officials, official guests, or internationally protected persons, kidnapping, [and] malfeasance, misconduct, and negligence." Mr. Hall's claims do not confer subject matter jurisdiction on this court, however. None of his allegations establish the "separate source" within a contract, regulation, statute, or constitutional provision that reasonably authorizes payment of money to a plaintiff for their violation. This court has jurisdiction over claims arising under the takings and just compensation clauses of the Fifth Amendment to the Constitution, but Mr. Hall does not allege a claim based on either clause.

## CONCLUSION

We GRANT plaintiff's Motion for Leave to proceed *in forma pauperis* for the purpose of dismissing his complaint. For the reasons stated above, we GRANT defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Clerk of Court will DISMISS plaintiff's complaint pursuant to RCFC 12(b)(1). No costs.

**IT IS SO ORDERED.**

Robert H. Hodges, Jr.
Judge